# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br>JANN E. ZABEL,<br><br>                Defendant. | CASE NO. C07-0543-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 3). Pro se Defendant, a lawyer licensed in the State of Washington, has filed no opposition to Plaintiff's motion. Having considered Plaintiff's brief and the exhibits submitted in support of the motion, the Court finds no genuine issue of material fact and hereby GRANTS Plaintiff's motion.

**I. Background**

On September 2, 1999, Defendant Jann Zabel executed a promissory note to secure a Direct Consolidation loan from the United States Department of Education. (Promissory Note (Dkt. No. 4-1 at 2–5).) On November 1, 1999, Plaintiff disbursed the loan under the William D. Ford Direct Loan Program in the amount of $66,438.26, at an interest rate of 8.25% per year. (Certificate of Indebtedness (Dkt. No. 4-1 at 1).) Plaintiff demanded payment according to the terms of the note,

ORDER — 1

and Defendant defaulted on December 23, 2000. (Certificate (Dkt. No. 4-1 at 1).) On April 12, 2007, Plaintiff filed a Complaint in this District to collect on Defendant's indebtedness on the loan (Dkt. No. 1). As of February 5, 2007, Defendant's total indebtedness on the loan swelled to $98,629.78. (Certificate (Dkt. No. 4-1 at 1).) The Defendant has not disputed these facts and has filed no Answer.

**II. Analysis**

Pursuant to Local Civil Rule 7(b)(2), failure to file an opposition brief "may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. 7(b)(2). Defendant has failed to file papers in opposition to the motion, and accordingly, this Court considers Plaintiff's motion meritorious.

Additionally, Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides, in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment must "identify those parts of the record that indicate the absence of a genuine issue of material fact." *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995). Once that showing has been made, "the nonmoving party must designate specific facts showing that there is a genuine issue for trial." *Id.* (internal citations omitted).

Here, Plaintiff has identified the material facts of Defendant's loan and default. The signed loan papers, together with a Certificate of Indebtedness executed by the United States Department of Education, San Francisco, California, submitted as an attachment to the motion, confirms that Defendant owes Plaintiff $98,629.78 in unpaid loan principal and accumulated interest (Dkt. No. 4-

1). Plaintiff has carried its burden. Defendant has made no assertion that material facts are in dispute.

Therefore, the Court concludes that Plaintiff is entitled to summary judgment against the Defendant as follows:

1. Principal                                  $66,438.26

   Prejudgment interest
   through February 5, 2007,
   at 8.25% per year                          $32,191.52

   TOTAL:                                     $98,629.78

2. Interest accrues thereafter on the principal amount until entry of judgment at the rate of 8.25% per year;

3. Interest accrues on the total judgment from the date of judgment at the legal rate in effect on the date of judgment, per year and compounded annually until paid in full;

4. Filing fee of $350.00 pursuant to 28 U.S.C. §§ 2412(a)(2) and 1914(a); and

5. Docket fees of $20.00 pursuant to 28 U.S.C. § 1923.

**III. Conclusion**

Plaintiff's Motion for Summary Judgment (Dkt. No. 3) is hereby GRANTED.

SO ORDERED this 6th day of September, 2007.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER — 3